UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* STEPHEN J. GRAHAM, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 12 C 2146 |
| v. | ) ) | Judge Blakey |
| MOBILE DOCTORS USA, LLC, and MOBILE DOCTORS MANAGEMENT, LLC, | ) ) ) | |
| Defendants. | ) ) | |
| UNITED STATES OF AMERICA *ex rel.* CAROLYN TYERS, LISA HIGGINS, SHAPRAY HENDRICKS and LISA VERONA, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 13 C 5784 |
| v. | ) ) | Judge Blakey |
| MOBILE DOCTORS, USA, LLC, IN HOME DIAGNOSTICE, LLS, DIKE AJIRI, DAVE EVANS and TYSON CONTRERAS, | ) ) ) ) | |
| Defendants. | ) | |

1

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JACK KAUFMAN, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> MOBILE DOCTORS MANAGEMENT, L.L.C., an Illinois limited liability company, a/k/a MOBILE DOCTORS MOBILE DOCTORS U.S.A., an Illinois limited liability company a/k/a MOBILE DOCTORS a/k/a 800.DOC.2.you (800.362.2968), MOBILE DOCTORS OF AMERICA, L.L.C., a Michigan limited liability company, a/k/a MOBILE DOCTORS, MOBILE DOCTORS MANAGEMENT, L.L.C., a Michigan limited liability company, a/k/a MOBILE DOCTORS, and f/k/a MIDWEST FAMILY CLINIC, INC., an inactive Michigan Corporation, IN HOME DIAGNOSTICS, L.L.C., d/b/a ULTRASOUND 2 YOU, an Illinois limited liability company, Lake MI Mobile Doctors PC, Doctors House Calls of Michigan, PC, Lake MI Mobile Doctors, PC(Illinois), Mobile Ulrasound, LLC, Lake MI Mobile Doctors, PC (Indiana), DIKE AJIRI, an individual, EILEEN AJIRI, an individual, and DAVID EVANS, an individual. <br><br> Defendants. | No. 14 C 4581 <br><br> Judge Blakey |

## CONSENT JUDGMENT AND SETTLEMENT AGREEMENT

### Parties

This Settlement Agreement (Agreement) is entered into and among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS), the Railroad Retirement Board (RRB), and defendant Dike Ajiri (hereafter collectively referred to as "the Parties"), through their authorized representatives.

2

## Recitals

A.  Dike Ajiri was the chief executive officer of Mobile Doctors, a company that arranged with physicians to provide home visits to patients in Illinois, Michigan, Indiana, and other states, among other things.

B.  On March 23, 2012, Stephen J. Graham filed a qui tam action in the United States District Court for the Northern District of Illinois captioned *United States ex rel. Graham v. Mobile Doctors USA, LLC, and Mobile Doctors Management, LLC*, No. 12 C 2146. On April 2, 2012, Jack H. Kaufman, M.D. filed a qui tam action in the United States District Court for the Eastern District of Michigan which was later transferred to this district as *United States ex rel. Kaufman v. Mobile Doctors Management, LLC, et al*, No. 14 C 4581. On February 26, 2013, Burak Gezen filed a qui tam action in the United States District Court for the Northern District of Illinois captioned *United States ex rel. Gezen v. Lake MI Mobile Doctors, P.C., and Dike Ajiri*, No. 13 C 1490, which was dismissed on February 10, 2016. On August 14, 2013, Carolyn Tyers, Lisa Higgins, Shapray Hendricks, and Lisa Verona filed a qui tam action in the United States District Court for the Northern District of Illinois captioned *United States ex rel. Tyers et al., v. Mobile Doctors USA, LLC, In Home Disgnostics, LLC, Dike Ajiri, Dave Evans, and Tyson Contreras*, No. 13 C 5784 (the Civil Actions). All of these cases were filed pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b) and made various allegations relating to health care fraud in defendants delivery of physician services to purportedly homebound patients. The United States intervened in the Civil Actions and the cases were consolidated and stayed pending resolution of a related criminal indictment against Dike Ajiri and a physician, Banio Koroma.

C.  The United States contends that Dike Ajiri submitted or caused to be submitted

claims for payment to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 ("Medicare") and the Railroad Retirement Medicare program, administered under the Railroad Retirement Act of 1974, 45 U.S.C. §§ 231-231v, by the United States Railroad Retirement Board.

D. The United States contends that it has certain civil claims against Dike Ajiri (Ajiri) arising from the upcoding of physician visit claims from CPT code 99349 to CPT code 99350 during the period from October 1, 2005 through March 31, 2013 for Medicare claims and from January 1, 2007 through November 30, 2012 for Railroad Retirement Board Medicare claims. That conduct is referred to below as the "Covered Conduct."

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

### Terms and Conditions

1. Ajiri agrees to the entry of a consent judgment as to the United States in the amount of $3,708,000 (Judgment Amount). Any amounts paid to the United States as criminal restitution in the criminal case captioned *United States v. Dike Ajiri*, No. 13 CR 685-1 (N.D. Ill. E.D.) against Ajiri shall be credited against the Judgment Amount.

2. Subject to the exceptions in Paragraph 4 (concerning excluded claims) below, and conditioned upon Ajiri's full payment of the Judgment Amount, the United States releases Ajiri from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

3. OIG-HHS expressly reserves all rights to institute, direct, or to maintain any administrative action seeking exclusion against Ajiri from Medicare, Medicaid, and other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) against Ajiri under 42 U.S.C. § 1320a-7a (mandatory exclusion) or 42 U.S.C. § 1320a-7(b) or 42 U.S.C. § 1320a-7a (permissive exclusion). Nothing in this Paragraph precludes the OIG-HHS from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in this Paragraph or in Paragraph 4, below.

4. Notwithstanding the releases given in paragraphs 2 and 3 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

  a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

  b. Any criminal liability;

  c. Except as explicitly stated in this Agreement, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;

  d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

  e. Any liability based upon obligations created by this Agreement;

  f. Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

  g. Any liability for failure to deliver goods or services due;

  h. Any liability for personal injury or property damage or for other

consequential damages arising from the Covered Conduct;

i. Any liability of individuals (including current or former directors, officers, employees, agents, or shareholders of Mobile Doctors) who receive written notification that they are the target of a criminal investigation (as defined in the United States Attorneys' Manual), are indicted or charged, or who enter into a plea agreement, related to the Covered Conduct.

5. Ajiri waives and shall not assert any defenses Ajiri may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Judgment Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

6. Ajiri fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Ajiri has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

7. The Judgment Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or Railroad Retirement Board Medicare related to the Covered Conduct; and Ajiri agrees not to resubmit to any Medicare contractor or

Railroad Retirement Board Medicare any previously denied claims related to the Covered Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

8. Ajiri agrees to the following:

a. <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Ajiri, its present or former officers, directors, employees, shareholders, and agents in connection with:

(1) the matters covered by this Agreement and any related plea agreement];

(2) the United States' audit(s) and civil and any criminal investigation(s) of the matters covered by this Agreement;

(3) Ajiri's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

(4) the negotiation and performance of this Agreement and any Plea Agreement;

(5) the payment Ajiri makes to the United States pursuant to this Agreement and any payments that Ajiri may make to Relator, including costs and attorneys fees

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program

7

(FEHBP) (hereinafter referred to as Unallowable Costs).

      b.    <u>Future Treatment of Unallowable Costs</u>: Unallowable Costs shall be separately determined and accounted for by Ajiri, and Ajiri shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Ajiri or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

      c.    <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: Ajiri further agrees that within 90 days of the Effective Date of this Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Ajiri or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Ajiri agrees that the United States, at a minimum, shall be entitled to recoup from Ajiri any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Ajiri on the effect

of inclusion of Unallowable Costs (as defined in this Paragraph) on Ajiri or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

    d.    Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Ajiri's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

    9.    This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 10 (waiver for beneficiaries paragraph), below.

    10.    Ajiri agrees that he waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

    11.    Upon receipt of the payment described in Paragraph 1, above, the Parties shall promptly sign and file in the Civil Actions a Joint Stipulation of Dismissal of the Civil Actions as to the United States concerning upcoding as set forth in the Covered Conduct with prejudice pursuant to Rule 41(a)(1).

    12.    Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

    13.    Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

    14.    This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Northern District of Illinois. For purposes of construing this Agreement, this

Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

15. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

16. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

17. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

18. This Agreement is binding on Ajiri's successors, transferees, heirs, and assigns.

19. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

20. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

<u>THE UNITED STATES OF AMERICA</u>

DATED: _____  By: _____
                                         Linda A. Wawzenski
                                         Assistant United States Attorney
                                         219 South Dearborn Street
                                         Chicago, Illinois 60604

DATED:_____  By: _____
                                         Robert K. DeConti
                                         Assistant Inspect6or General for Legal Affairs
                                         Office of Counsel to the Inspector General
                                         Office of Inspector General
                                         United States Department of
                                             Health and Human Services

**DEFENDANT**

DATED: April 25, 2016    By: _____
Dike Ajiri, individually and on behalf
of Mobile Doctors USA, LLC. and Mobile
Doctors Management, LLC

DATED: April 25, 2016    By: _____
Counsel for Defendant

DATED: _____    _____
                                     U.S. DISTRICT COURT JUDGE