UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* STEPHEN J. GRAHAM, | ) ) ) | |
| Plaintiffs, | ) ) | No. 12 C 2146 |
| v. | ) ) | Judge Blakey |
| MOBILE DOCTORS USA, LLC, and MOBILE DOCTORS MANAGEMENT, LLC, | ) ) ) | |
| Defendants. | ) | |
| UNITED STATES OF AMERICA *ex rel.* CAROLYN TYERS, LISA HIGGINS, SHAPRAY HENDRICKS and LISA VERONA, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 13 C 5784 |
| v. | ) ) | Judge Blakey |
| MOBILE DOCTORS, USA, LLC, IN HOME DIAGNOSTICE, LLS, DIKE AJIRI, DAVE EVANS and TYSON CONTRERAS, | ) ) ) ) | |
| Defendants. | ) | |

UNITED STATES OF AMERICA *ex rel.*    )
JACK KAUFMAN, M.D.,                    )
                                       )
                Plaintiffs,            )
                                       )
        v.                             )
                                       )
MOBILE DOCTORS MANAGEMENT,             )
L.L.C., an Illinois limited liability company, )
a/k/a MOBILE DOCTORS MOBILE            )
DOCTORS U.S.A., an Illinois limited liability )
company a/k/a MOBILE DOCTORS a/k/a     )
800.DOC.2.you (800.362.2968), MOBILE   )
DOCTORS OF AMERICA, L.L.C., a          )
Michigan limited liability company, a/k/a   )    No. 14 C 4581
MOBILE DOCTORS, MOBILE DOCTORS         )
MANAGEMENT, L.L.C., a Michigan limited )    Judge Blakey
liability company, a/k/a MOBILE DOCTORS, )
and f/k/a MIDWEST FAMILY CLINIC, INC., )
an inactive Michigan Corporation, IN HOME )
DIAGNOSTICS, L.L.C., d/b/a             )
ULTRASOUND 2 YOU, an Illinois limited  )
liability company, Lake MI Mobile Doctors )
PC, Doctors House Calls of Michigan, PC, )
Lake MI Mobile Doctors, PC(Illinois), Mobile )
Ulrasound, LLC, Lake MI Mobile Doctors, PC )
(Indiana), DIKE AJIRI, an individual,  )
EILEEN AJIRI, an individual, and DAVID )
EVANS, an individual.                  )
                                       )
                Defendants.            )

## SETTLEMENT AGREEMENT WITH
## UNITED STATES OF AMERICA AND RELATORS

This agreement is entered by and between the United States of America and the above-named relators (Relators), through their respective counsel, and as preamble to this agreement the United States and Relators state:

### Preamble

WHEREAS, the above-captioned complaints (Civil Actions) have been filed by the Relators on behalf of the United States pursuant to 31 U.S.C. § 3730;

WHEREAS, the United States and Dike Ajiri, owner and CEO of Mobile Doctors USA, LLC, have entered into a Consent Judgment and Settlement Agreement, which was entered by the court on May XX, 2016 (Ajiri Settlement Agreement), resolving, among other matters, certain allegations in the complaints;

WHEREAS, under the terms of the Ajiri Settlement Agreement, Ajiri has agreed to pay the United States $3,708,000;

ACCORDINGLY, in reliance upon the representations contained herein and in consideration of the mutual promises, covenants and obligations in this Agreement and the resolution of the claims set forth below, and for good and valuable consideration, receipt of which is by each acknowledged, the United States and the Relators agree as follows:

### Terms and Conditions

1. The United States agrees that the total relators' share in these cases shall be $667,440 of the $3,708,000 settlement amount agreed upon by Ajiri and the United States. Of this amount, Relators will be paid as follows:

a. Relator Stephen J. Graham will receive $567,324 pursuant to wire transfer instructions provided to the United States;

b. The estate of relator Jack Kaufman, M.D. will receive $66,744 pursuant to wire transfer instructions provided to the United States;

c. Relators Carolyn Tyers, Lisa Higgins, Shapray Hendricks, and Lisa Verona, collectively will receive $33,372 to be divided among them pursuant to wire transfer instructions provided to the United States.

2. The United States will make these payments within a reasonable time after the United States' receipt of any payments received from Ajiri. The obligation to make these

payments to the Relators is expressly conditioned on the receipt by the United States of any payment by Ajiri under the Ajiri Settlement Agreement. Should Ajiri fail to make payment as required by that Agreement, the United States shall have no obligation to make any payments to the Relators.

3.     Relators agree that the Ajiri Settlement Agreement is fair, adequate, and reasonable under all circumstances, and will not challenge it pursuant to 31 U.S.C. §3730(c)(2)(B), and expressly waive the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B).

4.     Conditioned upon Relators' receipt of the payments described in Paragraph 1, Relators and their heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Actions or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Actions.

5.     Specifically excluded and reserved from those claims released under Paragraph 4 above is any dispute, claim, or defense which may arise between the Relators and Ajiri regarding attorneys fees or claims of the Relator under 31 U.S.C. § 3730(d)(1).

6.     The United States and the Relators agree that, if the Ajiri Settlement Agreement is held by the court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Agreement is null and void.

7.     This Agreement, together with all of the obligations and terms hereof, shall inure to the benefit of and shall bind assigns, successors-in-interest, or transferees of the United States and the Relators.

8.     Each of the signatories to this agreement represents that he or she has the full

power and authority to enter into this Agreement.

9.     This writing constitutes the entire agreement of the United States and the Relators with respect to the subject matter of this Agreement and may not be modified, amended, or terminated except by a written agreement signed by the United States and Relators specifically referring to this agreement.

10.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

11.     This Agreement is effective on the date of signature of the last signatory to the Agreement.

12.     All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

In witness whereof, the parties, through their duly authorized representatives, hereunder set their hands.

## ON BEHALF OF THE UNITED STATES OF AMERICA


DATED: _____     By: _____
                                  Linda A. Wawzenski
                                  Assistant United States Attorney
                                  219 South Dearborn Street
                                  Chicago, Illinois 60604

## STEPHEN J. GRAHAM - RELATOR

DATED: 05/24/2016      BY: _Graham_
Stephen J. Graham

DATED: 5/25/2016      BY: _____
James T. Ratner, Esq.
Counsel for Relator
P.O. Box 1035
Woodstock, NY 12498
(845) 688-5222

MICHAEL C. ROSENBLAT
Michael C. Rosenblat, PC
707 Skokie Blvd, Suite 600
Northbrook IL 60062
847-480-2390

**ELAINE KAUFMAN PERSONAL REPRESENTATIVE OF THE
ESTATE OF JACK KAUFMAN, M.D.**

DATED: 5/24/16                    BY: _____
                                      Elaine Kaufman

DATED: 5/27/16                    BY: _____
                                      Michelle B. Vocht
                                      Counsel for Estate of Jack Kaufman
                                      Relator
                                      Roy, Shecter & Vocht, P.C.
                                      707 South Eton Street
                                      Birmingham, MI 48009
                                      248-540-7660

Shapray Hendricks
Relator

_____
Lisa Higgins
Relator

_____
Lisa Verona
Relator

_____
Cara Tyers
Relator

/s/ Roshna Bala Keen
Mike Kanovitz
Roshna Bala Keen
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
Phone: (312) 243-5900
Fax: (312) 243-5902
*Attorneys for Relators*

_____
Shapray Hendricks
Relator

*Lisa Higgins-Martin* (signature)
_____
Lisa Higgins
Relator


_____
Lisa Verona
Relator


_____
Cara Tyers
Relator


/s/ Roshna Bala Keen
Mike Kanovitz
Roshna Bala Keen
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
Phone: (312) 243-5900
Fax:  (312) 243-5902
*Attorneys for Relators*

_____
Shapray Hendricks
Relator


_____
Lisa Higgins
Relator

_____
Lisa Verona
Relator


_____
Cara Tyers
Relator


/s/ Roshna Bala Keen
Mike Kanovitz
Roshna Bala Keen
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
Phone: (312) 243-5900
Fax:  (312) 243-5902
*Attorneys for Relators*

_____
Shapray Hendricks
Relator


_____
Lisa Higgins
Relator


_____
Lisa Verona
Relator

_Cara Tyers_
Cara Tyers
Relator


/s/ Roshna Bala Keen
Mike Kanovitz
Roshna Bala Keen
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
Phone: (312) 243-5900
Fax:   (312) 243-5902
*Attorneys for Relators*